United States District Court
Middle District of Florida
Jacksonville Division

**RODNEY WEBB,**

***Plaintiff,***

**v.** **NO. 3:26-cv-459-WWB-PDB**

**WESTLAKE PORTFOLIO MANAGEMENT,**

***Defendant.***

---

## Order

The plaintiff sues the defendant for an alleged violation of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681s-2(b). Doc. 8. The defendant moves to dismiss the action under Rule 12(b)(6), Federal Rules of Civil Procedure. Doc. 9. The plaintiff opposes the motion, Doc. 18, and moves to strike the motion, Doc. 10. The defendant opposes the motion to strike, Doc. 19, and moves for leave to reply in support of the motion to dismiss, Doc. 20. The plaintiff moves for an exemption from fees associated with the Public Access to Court Electronic Records (PACER) system. Doc. 22.

### 1.

The Local Rules "advance efficiency, consistency, convenience, and other interests of justice." Local Rule 1.01(a). Under Local Rule 1.08(a) and (b), "each pleading, motion, or other paper, excluding an exhibit, an attachment, a transcript, an image, or other addendum, must conform to [typography] requirements." The rule ensures readability and equal content within page

limits. The district judge's standing order entered on January 13, 2021, supplements the rule by requiring at least 12-point Arial typeface.

The district judge's standing order entered on April 2, 2026, requires, at the end of any paper, a certificate about the use of generative artificial intelligence (AI), certifying (i) that no generative AI was used in the drafting and preparation of the paper or (ii) to the extent that generative AI was used in drafting the paper, that any language drafted by AI—even if later edited by a human—was personally reviewed by the filer or another human for accuracy and that all legal citations reference actual, non-fictitious cases or cited authority and accurately reflect the contents of such authority.

Both the Local Rules and the district judge's standing orders are available on the court's website, www.flmd.uscourts.gov. More than once, the parties have been reminded of their obligation to follow the Local Rules and the standing orders. *See* Doc. 5 (notifying the parties that they must comply with the Local Rules and the standing orders or face sanctions); Doc. 15 (case management and scheduling order informing the parties that they must comply with standing orders and the font requirement; warning, "Failure to comply with this requirement may result in the denial or striking of the offending filing without notice or leave to refile.").

The defendant's motions to dismiss and for leave to reply, Docs. 9, 20, and the plaintiff's motions to strike and for an exemption from PACER fees, Docs. 10, 22, are **denied without prejudice** because the motions violate the district judge's standing order entered on January 13, 2021. The defendant's motion for leave to reply, Doc. 20, and the plaintiff's motion for an exemption, Doc. 22, also violate the district judge's standing order entered on April 2, 2026. And the plaintiff's motion for an exemption, Doc. 22, also violates Local Rule

3.01(g), which requires a movant to confer with the opposing party in a good faith effort before filing a motion except for "a motion for a Rule 11 sanction, for injunctive relief, for judgment on the pleadings, for summary judgment, or to certify a class." The plaintiff's response to the motion to dismiss, Doc. 18, and the defendant's response to the motion to strike, Doc. 19, are **struck** because the responses violate the district judge's standing orders.

**2.**

"Pleadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). A court must construe a pleading drafted by an unrepresented litigant liberally and hold the pleading to a less stringent standard than one drafted by a lawyer. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Liberal construction does not mean rewriting a deficient pleading or otherwise serving as de facto counsel. *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020). Liberal construction means that a court must "look beyond the labels used in a[n unrepresented] party's complaint and focus on the content and substance of the allegations" to determine if a cognizable remedy is available. *Torres v. Mia.-Dade Cnty.*, 734 F. App'x 688, 691 (11th Cir. 2018). Construing a pleading liberally creates "better correspondence" between the claim's substance and its legal basis and avoids an "unnecessary dismissal" and an "inappropriately stringent application of [a] formal labeling requirement[.]" *Castro v. United States*, 540 U.S. 375, 381–82 (2003).

A complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). A party can move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "Unless the dismissal order states

otherwise," a dismissal on this ground "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The pleading standard does not require detailed factual allegations but requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Labels, conclusions, formulaic recitations of the elements, and "'naked assertion[s]' devoid of 'further factual enhancement'" are insufficient. *Id.* (quoting *Twombly*, 550 U.S. at 557; alteration in *Iqbal*).

A claim is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility differs from probability, "but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). If the pleaded facts are "merely consistent with" liability, the complaint "stops short of the line between possibility and plausibility of entitlement to relief." *Twombly*, 550 U.S. at 557 (internal quotation marks omitted).

"Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 678 (citation omitted). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2); alteration in *Iqbal*).

A "court should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). Considering that rule and the goal of deciding a dispute on the merits, if "a more carefully drafted complaint might state a claim, a[n unrepresented] plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Bank v. Pitt*, 928 F.2d 1108, 1112 & n.6 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 & n.1 (11th Cir. 2002) (overruling *Bank* as to counseled plaintiffs, but deciding "nothing about a party proceeding [without a lawyer]").

"Congress enacted FCRA in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007).

The FCRA "imposes two duties on furnishers." *Holden v. Holiday Inn Club Vacations Inc.*, 98 F.4th 1359, 1366 (11th Cir. 2024). First, § 1681s-2(a) prohibits furnishers from "furnish[ing] any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate." 15 U.S.C. § 1681s-2(a). Second, § 1681s-2(b) requires furnishers to take certain actions once notified by a consumer reporting agency that a consumer disputes the accuracy or completeness of his furnished information. *Id.* § 1681s-2(b); *see also id.* § 1681i(a)(2) (requiring consumer reporting agencies to notify furnishers of consumer disputes).

When a furnisher is notified of a dispute, the furnisher must "conduct an investigation with respect to the disputed information;" "review all relevant information provided by the consumer reporting agency;" and "report the results of the investigation to the consumer reporting agency." *Id.*

§ 1681s-2(b)(1)(A)–(C). If, after an investigation, the furnisher finds that the information is incomplete or inaccurate, the furnisher must "report those results to all other consumer reporting agencies to which the [furnisher] furnished the information and that compile and maintain files on consumers on a nationwide basis[.]" *Id.* § 1681s-2(b)(1)(D). If, after any reinvestigation, the furnisher finds that "an item of information disputed by a consumer is … inaccurate or incomplete or cannot be verified," the furnisher must promptly take corrective action. *Id.* § 1681s-2(b)(1)(E).

A consumer "cannot sue furnishers for providing inaccurate information—only for conducting unreasonable investigations." *Milgram v. Chase Bank USA, N.A.*, 72 F.4th 1212, 1218 (11th Cir. 2023); *see* 15 U.S.C. § 1681s-2(c)(1) (providing that there is no liability for violating § 1681s-2(a)).

To state a claim against a furnisher for a violation of § 1681s-2(b), a consumer must allege that he disputed the accuracy or completeness of the reported information with a credit reporting agency, the credit reporting agency notified the furnisher of the dispute, and the furnisher breached one of its post-notification duties. *See* 15 U.S.C. § 1681s-2(b)(1). A plaintiff's claim "cannot survive a motion to dismiss without some supportable allegation that the reported information is inaccurate or incomplete." *Leones v. Rushmore Loan Mgmt. Servs. LLC*, 749 F. App'x 897, 901 (11th Cir. 2018).

To establish standing under Article III of the United States Constitution, a plaintiff must allege facts showing he "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 337–38 (2016). "[U]nder Article III, an injury in law is not an injury in fact." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 427 (2021). Even in

the context of an FCRA violation, "standing requires a concrete injury." *Id.* at 426. An injury is "concrete" if it is "'real,' and not 'abstract'"; it "must actually exist." *Spokeo*, 578 U.S. at 340. In other words, "a technical statutory violation, without more, does not confer standing." *Light v. LVNV Funding, LLC*, 176 F.4th 1288, 1295 (11th Cir. 2026). "Only those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue that private defendant over that violation in federal court." *TransUnion*, 594 U.S. at 427.

Considering the status of the action, that the plaintiff is proceeding without a lawyer, and the law stated, the court sua sponte gives the plaintiff an opportunity to file a second amended complaint alleging facts that state a plausible claim for relief and an actual injury sufficient for standing. As the amended complaint stands, factual allegations specifying the allegedly inaccurate reporting in sufficient detail for the defendant to defend against the claim and an actual injury appear absent.

The deadline to file a second amended complaint is **November 5, 2026**. The deadline for the defendant to respond to a second amended complaint is 14 days after service. If the plaintiff fails to timely file a second amended complaint or a motion for additional time to do so, (1) the court will presume that he wants to proceed with his current complaint, Doc. 8, and (2) the defendant must respond to that complaint by **November 19, 2026**.

The court's website (www.flmd.uscourts.gov) offers resources for unrepresented litigants, including a *Guide for Proceeding Without a Lawyer*. A copy of the guide is also available at the clerk's office. In addition, the Jacksonville Federal Court Bar Association operates a Legal Information Program through which unrepresented litigants may meet with a lawyer for free to ask general questions about procedures governing cases in federal court.

Virtual, telephonic, and in-person appointments are available every Tuesday. To request an appointment, the plaintiff may contact the clerk's office at (904) 549-1900 or visit the clerk's office check-in window located on the Ninth Floor of the Bryan Simpson United States Courthouse, 300 N. Hogan Street, Jacksonville, Florida 32202. A brochure with more information about the program is available on the court's website (www.flmd.uscourts.gov/legal-information-program).

**Ordered** in Jacksonville, Florida, on October 20, 2026.

Patricia D. Barksdale
*United States Magistrate Judge*